# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TIMOTHY STEVENER, CAROL STEVENER, and ADAM GIBLER,** Individually and on behalf of all other Ohio residents similarly situated, <br><br> **Plaintiffs,** <br><br> v. <br><br> **ERIE INSURANCE COMPANY and ERIE INSURANCE EXCHANGE,** <br><br> **Defendants.** | Case No. 5:20-CV-00603 <br><br> Judge Pamela A. Barker |

### PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Pursuant to Rule 23(e)(1)-(2) of the Federal Rules of Civil Procedure and the parties' Settlement Agreement, Plaintiffs Timothy Stevener, Carol Stevener, and Adam Gibler, on behalf of themselves and the proposed Settlement Class ("Plaintiffs"), respectfully move the Court for an order certifying this case as a class action solely for purposes of settlement, and further ordering final approval in accordance with the terms and conditions set forth in the proposed Final Approval Order. Defendants Erie Insurance Company and Erie Insurance Exchange (collectively, "Defendants") do not oppose this motion for final approval of a settlement.[1]

---

[1] As Paragraphs 1.8-1.9 of the Settlement make clear, however, Defendants deny liability or wrongdoing, and absent settlement, intend to contest each and every claim and cause of action, including whether any aspect of this lawsuit is appropriate for certification as a litigation class.

For purposes of final approval of settlement, the parties seek final certification of the following Settlement Class:

> Except for Exclusions, all policyholders under any homeowners residential property insurance policy issued by Erie, who made: (a) a Structural Loss claim for property located in the State of Ohio during the applicable Class Periods as defined in Section 2.12 of the Settlement Agreement; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

The Class Period mean means structural loss claims with dates of loss between March 20, 2019 and November 14, 2020.

In support of this unopposed Motion, Plaintiffs submit the following:

1. To satisfy the requirements of Rule 23(e) for class certification, a proposed settlement class must satisfy the four requirements stated in Rule 23(a)—that is, numerosity, commonality, typicality, and adequacy of representation—as well as one of the three bases for class certification stated in Rule 23(b). Because the request for class certification arises in the context of a settlement, however, the Court need not analyze whether trial would present intractable management problems. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). Here, all requirements necessary for approval of a settlement class are satisfied.

2. Numerosity under Rule 23(a)(1) is satisfied for the proposed settlement class because the class includes thousands of potential Settlement Class Members.

3. Commonality under Rule 23(a)(2) is satisfied for a proposed settlement class because there are questions of law or fact common to all members of the proposed class including but not limited to the single, predominating question presented—*i.e.*, whether Defendants can withhold labor as depreciation under Defendants' Ohio insurance policies.

4.     Typicality under Rule 23(a)(3) is satisfied for a proposed settlement class because Plaintiffs made claims under one of Defendants' standard-form insurance policies, and Defendants withheld labor in making an actual cash value payment to Plaintiffs. The proposed class representatives' claims arose from the underpayment of their ACV claims, and their claims relating to the issue of labor depreciation are identical in all respects to the claims of the putative class.

5.     Adequacy under Rule 23(a)(4) is satisfied for the proposed settlement class because Plaintiffs have fairly and adequately represented and protected the interests of the putative class. Plaintiffs have no interest that conflicts with those of the class. Further, they retained experienced counsel competent and experienced in class action and insurance litigation.

6.     As required by Rule 23(b)(3), questions of law or fact common to class members of the proposed settlement class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Predominance is satisfied because, *inter alia*, the predominating question in this lawsuit for purposes of settlement class certification remains whether labor can be withheld as depreciation under Defendants' policies.  Superiority is satisfied for a settlement class because of, *inter alia*, the thousands of small value claims at issue and the interests of the parties and judicial economy favor settlement.

7.     Pursuant to Rule 23(e)(3), Plaintiffs state that the only agreement at issue is Class Action Settlement Agreement filed on April 18, 2022. Dkt. 36-1.

8.     Under Rule 23(e)(2), a proposed settlement can be approved based upon adequacy of representation considerations, the existence of arms-length negotiations and the terms of the settlement in the context of adequacy, the risks of the litigation, fairness to the putative class amongst themselves and in terms of distribution of class member claims and in terms of the

attorneys' fees. These factors largely mirror the factors analyzed by the Sixth Circuit. *In re Packaged Ice Antitrust Litig.*, 2018 U.S. App. LEXIS 13882, at *14 (6th Cir. May 24, 2018).

9. As more fully set forth in the accompanying Memorandum and supporting Declarations, the Settlement is appropriate for final approval. In summary, the proposed Settlement here provides that, for Class Members who submit claim forms, the Settlement will result in 100% net recovery of withheld Nonmaterial Depreciation for Class Members who still have outstanding labor withheld from their prior ACV claim payments, plus simple interest at the rate of 5% from the date of the first ACV payment to the date of preliminary approval. For Class Members who submit claim forms and for whom all Nonmaterial Depreciation that was withheld from ACV Payments was subsequently paid, the Settlement will result in payment of simple interest at the rate of 5% per annum on the estimated Nonmaterial Depreciation that was initially withheld from ACV payments, from the date of the last ACV Payment from which Nonmaterial Depreciation was withheld to the date all Nonmaterial Depreciation was paid (a.k.a. recaptured) by the insured Class Members

10. Attorneys' fees, costs, class notice, and claims administration costs are to be paid separately by Defendants and will <u>not</u> reduce the amount of any Class Member's recovery.

11. The proposed settlement class does not include any policyholder that is not eligible for a payment under this Settlement Agreement.  In exchange for payment, the class members will release claims limited to the subject matter of this lawsuit and without giving up any claims or arguments unrelated to the subject matter of this lawsuit (the practice of withholding labor as depreciation). All unrelated matters will continue to be adjusted and handled by Defendants in the ordinary course.

12. The settlement was reached through arms-length settlement negotiations, as attested to by Class Counsel in the accompanying Declarations.

WHEREFORE, for these reasons and those set forth the accompanying Memorandum, Plaintiffs respectfully move for entry of an order consistent with the proposed Final Approval Order previously filed with the Court. Dkt. 36-1, PageID.495-507.

Respectfully submitted,

 /s/ Stephen G. Whetstone
STEPHEN G. WHETSTONE (0088666)
Email: steve@whetstonelegal.com
Whetstone Legal, LLC
P.O. Box 6
2 N. Main Street, Unit 2
Thornville, Ohio 43076
Telephone: 740.785.7730
Facsimile: 740-205-8898

and

Erik D. Peterson (*pro hac vice*)
ERIK PETERSON LAW OFFICES, PSC
150 East Short Street, Suite 150
Lexington, KY 40507
T: 800-614-1957
erik@eplo.law

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed and served via the Court's ECF filing system which will send electronic notices of same to all counsel of record on this the 12th day of August, 2022.

 /s/ Stephen G. Whetstone